## STEPHEN H. CLEVELAND *vs.* GEORGE W. HALLETT.

If the purposes, for which a trust is created by a deed or devise of land, are of such a nature, that they do or by possibility may require a legal estate in the trustee,

for a period beyond his own life, the trustee will take a fee without words of limitation.

If a conveyance of land is made to "A. as he is trustee for B.," the nature of the trust may be ascertained by reference to the will creating the same, although the will is not referred to in the deed.

A testator devised certain estate, real and personal, to S., his heirs and assigns, in trust for the use of the testator's son C., the trustee to pay over the rents, income, and profits thereof to C. for the benefit of himself and family, with authority at his discretion to loan to C., on his own security, or to pay to him, any part of such estate, and to pay, transfer, and convey all such part of such estate as should be remaining in the hands of the trustee at the decease of C. to such persons as C. should by will appoint, or, in default of such appointment, to his widow and children, according to the statute of distributions. S. declined to accept the trust, and M. was appointed and acted in his stead. Certain land was afterwards conveyed to " M., as he is trustee for C.," no reference being made to the will in the conveyance, to have and to hold " to the said M. in trust as aforesaid, and assigns to his and their use and behoof forever." It was held, that the trusts declared by the will were of such a nature as could not be carried into effect, unless the trustee took a fee-simple in the estates held by him in trust, and therefore that the deed conveyed a fee-simple to M.

This was a bill in equity for the specific performance of a written contract, by which the plaintiff agreed to sell, and the defendant to buy, certain real estate described in the bill. The plaintiff had tendered a deed of the same in fee to the defendant which the latter had refused to accept. The prayer of the bill was, that he might be decreed to do so. The question submitted to the court, upon the bill and answer, and agreed statement of facts, was, whether the plaintiff could convey a good title in fee-simple to the estate in question.

The plaintiff's title depended on the following facts : In the year 1843, Aaron P. Cleveland, father of the plaintiff, died testate, and his will was duly proved and allowed, by the judge of probate for the county of Suffolk, on the 21st of August, 1843. The executor and trustee therein named having declined the trust, William Minot, esquire, was duly appointed administrator, with the will annexed, of the estate, and accepted the trust, and has ever since acted as trustee under the will.

The will of Aaron P. Cleveland contained the following clauses, relating to the appointment of a trustee, and to the estates therein devised for the benefit of Stephen H. Cleveland, the plaintiff : —

"I give, devise, and bequeath, all my estate both real and personal that shall remain after the payment of my just debts and the expenses of settling my estate to Henry Strong, esquire, of the town of Norwich, in the county of New London and state of Connecticut, and to his heirs and assigns forever, to his and their own use and behoof; but upon the trusts nevertheless and to and for the ends, intents, and purposes hereinafter declared concerning the same: that is to say, that the same shall be held, used, and applied for the benefit of my children and their heirs as hereinafter mentioned. And said trustee may from time to time at his discretion sell and convey any part of the estate by him held in trust, pursuant to the provisions of this will, and the proceeds thereof pay over and distribute as hereinafter provided, or as occasion may require, may loan out the same upon satisfactory security or invest the same in other property to be held upon the like trusts.

"And for the purpose and as the basis of making a just and equal division of my estate among my said children and their heirs, there shall be added to the amount of my said estate which shall remain as aforesaid, all such advancements as I have heretofore made or shall hereafter make to my said children so far as the same have been or shall be by me charged to them respectively in my leger or other books of account; and also such sums as I have paid or shall hereafter pay for and on account of my son-in-law, Edward McLellan, and which shall be then unpaid.

"And my will is, and I do hereby order and direct, that such part of my estate remaining as aforesaid as will, with the advancements which shall have been made by me to my son Stephen H. Cleveland as aforesaid, amount to one third part of said whole estate, shall, by said trustee be had and held to and for the use of my son, Stephen H. Cleveland; and said trustee shall from time to time pay over to him for the benefit of himself and family the rents, income, and profits of such part of said estate so in trustee's hands as aforesaid. And said trustee is hereby authorized at his discretion to loan to said Stephen H. Cleveland, upon the security of his own notes, or other obligations, any part of such share of said estate. And should said trustee at any time think it expedient to dissolve said trust as to the whole or any part of such share of said estate, he may, at the request of said Stephen H. Cleveland, made by him in writing under his hand and seal, pay to him all or any part of said share of said estate as said trustee shall consider will best advance the interest and promote the comfort of said Stephen H. Cleveland and his family: and all such part of said share of said estate, as shall be remaining in said trustee's hands at the decease of said Stephen H. Cleveland, shall be by him paid or transferred or conveyed to such person or persons as he the said Stephen by his last will and testament duly executed and approved shall order and appoint. And in default of such appointment, the same shall be paid, transferred, and conveyed to the widow and children of said Stephen H. Cleveland as by law provided for the distribution of intestate estates.' "

On the 19th of March, 1844, Joseph Howe and Mary Howe his wife, being seized in fee of certain real estate in her right, by a deed duly executed and recorded, and for a valuable consideration therein expressed to be paid by William Minot, "as he is trustee for Stephen H. Cleveland," conveyed the same to

the said Minot, " in trust as aforesaid." The *habendum* was as follows : —

" To have and to hold the above-granted premises with the privileges and appurtenances thereto belonging to the said William Minot, in trust as aforesaid, and assigns, to his and their use and behoof forever. And we the said Joseph Howe and Mary Howe, for ourselves and our heirs, executors, and administrators, do covenant with the said William Minot, trustee, and assigns, that we are lawfully seized in fee of the aforesaid granted premises, that they are free from all incumbrances, that we have good right to sell and convey the same to said William Minot, trustee, as aforesaid, and that we will, and our heirs, executors, and administrators shall warrant and defend the same to the said William Minot, trustee, as aforesaid, and assigns forever, against the lawful claims and demands of all persons."

On the 2d of June, 1845, Minot, by a quitclaim deed, wherein he described himself as the trustee of Stephen H. Cleveland, conveyed the same estate to him in fee.

The consideration of the deed from Howe and wife to Minot was the value of the fee therein, at the time of the conveyance, and was paid by the plaintiff, and not out of the trust-funds. The deed was made to Minot, with his consent, but by the request and direction of the plaintiff.

*J. Benjamin*, for the plaintiff.

*J. J. Clarke*, for the defendant.

SHAW, C. J. The question for the consideration of the court in the present case is, whether by the deed of Joseph Howe and wife to William Minot, set forth in the agreed statement of facts, the latter took a fee. If he did so, then his subsequent deed to Cleveland, the plaintiff, vested an estate in fee-simple in him, and, consequently, the deed tendered by him to the defendant was sufficient to vest in the latter a good, valid, and indefeasible title, which he ought to have accepted according to his agreement.

The operative words bearing upon this question are in substance as follows. The conveyance is made in consideration of a sum paid by William Minot, *as he is* trustee for Stephen H. Cleveland ;—the grant is to William Minot, in trust as aforesaid; *habendum*, to said William Minot, in trust as aforesaid, and his assigns, to his and their use ; the covenants are with the said William Minot, trustee, and his assigns, for a good right to convey the same to said William Minot, trustee, and to

warrant the same to said William Minot, as aforesaid, and his assigns forever.

In this deed, the word "heirs" is not used, although almost every other word is found, which is usually adopted in a deed intended to convey an entire estate in fee. The general rule of law is, that both in a deed and in a will, the word "heirs" is necessary to vest a fee-simple in the devisee or grantee, being a natural person, though the rule is more flexible, and more readily relaxed, in a devise, than in a deed.

But the rule itself is subject to several exceptions; and one as well established as the rule itself is, that when the conveyance is in trust, and the trusts are of such a nature, that they do, or by possibility may, require a legal estate in the trustee, beyond that of an estate for his own life, then, without words of limitation in the conveyance to the trustee, he shall take a fee. As in a marriage settlement, when an estate is conveyed to a trustee, without words of limitation, in trust to apply the income to the use of the husband and wife, for their joint lives, and then to convey the estate to their heirs, the trustee takes a fee.

The primary object of such a conveyance manifestly is, to uphold trusts so created, and to secure to the respective objects of them the benefits intended; to accomplish this purpose, the trustee must have a legal estate, coextensive with the trusts; a life estate is insufficient, an estate in fee is necessary; and therefore the implication is a necessary one, that a fee was intended to be conveyed; and this intent the law will carry into effect, by holding the estate a fee.

The authorities upon this subject are numerous and decisive, and several of them so recent in this commonwealth, that it is only necessary to state the principle and refer to them. *Gibson* v. *Montfort*, 1 Ves. sen. 485; *Oates* v. *Cooke*, 3 Burr. 1684; *Fisher* v. *Fields*, 10 Johns. 495, 505; *Newhall* v. *Wheeler*, 7 Mass. 189, 198; *Stearns* v. *Palmer*, 10 Met. 32, 35; *Gould* v. *Lamb*, 11 Met. 84; *Brooks* v. *Jones*, Ib. 191. And by these authorities it appears, that this principle and exception to the general rule apply as well to deeds as to wills.

The question then arises, whether the trusts contemplated

by this deed were such, as to require a fee in the legal estate conveyed to the trustee, in order to satisfy them.    The trusts are not expressed in the deed itself, in any other manner, than by the words, " as he is trustee for Stephen H. Cleveland." But it is perfectly manifest, that the conveyance was not to the use and for the benefit of the grantee himself; and we must go out of the deed to ascertain the trusts more exactly. In applying deeds to the subject-matter, it is always competent to receive evidence of relations and circumstances, the existence of which gives them meaning and effect.    Had this deed been expressed to be on the same trusts set forth in the will of Aaron P. Cleveland, we should then go to that will, as recorded, to ascertain the effect of this deed.    Now, as the only relation of trustee and *cestui que trust*, which subsisted between Minot and Stephen H. Cleveland, grew out of the appointment of the former as trustee under the will of Aaron P. Cleveland, the necessary inference is, that that relation was referred to, and that will was expressive of the trusts of this deed, as if it had been so stated in the deed itself; and had it been so expressed, that would have been deemed in legal effect as much a part of the deed as if recited therein.

Looking to that source for the discovery of the trusts intended, it is manifest, that in various contingencies contemplated, they are to last through the life of Stephen H. Cleveland, and to go to his devisees and heirs.    These trusts are clearly of such a nature, that they could only be upheld, and the purpose of them carried into effect, by vesting a fee-simple in the legal estate in the grantee.

The court are therefore of opinion, that by the deed of Howe and wife, the trustee took an estate in fee, and by his own deed conveyed a like estate to the plaintiff, and that the deed tendered by the latter to the defendant was sufficient to pass a fee.                               *Decree for the plaintiff.*